UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL RAY HERBST,<br><br>　　　　　　Plaintiff,<br><br>　-vs-<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,[1]<br><br>　　　　　　Defendant. | No.　2:CV-12-5085-WFN<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 16 and 22). Attorney Thomas Bothwell represents Plaintiff. Special Assistant United States Attorney Gerald J. Hill represents Defendant. The Court has reviewed the administrative record and briefs filed by the parties and is fully informed.

## JURISDICTION

Plaintiff protectively applied for disability insurance and supplemental security income benefits on October 22, 2008, alleging disability beginning on December 1, 2004, due to mental and physical impairments. Plaintiff later amended his alleged onset date to October 22, 2008 and withdrew his Title II claim. The application was denied initially and on reconsideration.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

A hearing was held before Administrative Law Judge (ALJ) Caroline Siderius on November 8, 2010. At the hearing, Plaintiff, represented by counsel, testified as well as vocational expert Trevor Duncan. The ALJ concluded that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court. Plaintiff sought judicial review on June 22, 2012.

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here.

Plaintiff was 34 years old at the time of the hearing. (Tr. 37) He dropped out of high school in ninth grade. (Tr. 47) While in school he was in special education classes. (Tr. 47) He has a GED and some college. (Tr. 39)

Plaintiff has physical complaints as well as mental health issues. Not long before he appeared for his hearing, Plaintiff had undergone surgery for his diverticulitis. (Tr. 40) A section of his intestine had been removed and his surgeon estimated that he may not fully recover for a year. (Tr. 41) Plaintiff also suffers from asthma and uses an inhaler from five to ten times a day. (Tr. 41) He believed his greatest inhibiting symptom preventing him from working is his inability to control his temper. (Tr. 41) He has a criminal history stemming from assaultive behavior. (Tr. 50) Plaintiff indicated that his work ability was limited by paranoia and his temper. (Tr. 49, 53 – 54) He regularly visits his therapist and takes several medications to address his various mental health issues. (Tr. 52)

Plaintiff is homeless but reports he lives with his sister or his friend. (Tr. 39) He indicates that he had a more active social life while residing in Spokane, but since moving to the Tri-Cities, he has no friends. (Tr. 45) He has regular visitation with his two daughters. (Tr. 46 -47) He sees them at his ex-wife's house about every other day. *Id.*

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see*

*Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193-94 (9th 2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 22, 2008, the alleged onset date.

At step two, the ALJ found that Plaintiff had the following severe impairments: asthma, bipolar disorder, attention deficit hyperactivity disorder, and anxiety disorder.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments described at 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform medium work subject to some limitations.

At step four, the ALJ concluded that Plaintiff is not capable of performing past relevant work as an office helper or fry cook.

At step five, the ALJ determined that based on Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform including an office cleaner.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. [*Tackett*, 180 F.3d at 1097]. Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply the proper legal standards in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

Plaintiff alleges that the ALJ erred in four ways:

1. The ALJ erred in rejecting Plaintiff's schizophrenia at step two.

2. The ALJ improperly rejected opinions of Dr. Karim Saleh, Richard W. Cantrell, LMHC, Carole Siefken, ARNP and examining medical source, Kathleen Laws.
3. The ALJ improperly rejected Plaintiff's subjective complaints.
4. The ALJ did not meet her burden at step five because the hypothetical given to the vocational expert was incomplete.

## DISCUSSION

### Step Two- Schizophrenia

The ALJ did not err at step two. The ALJ made appropriate findings regarding Plaintiff's mental health conditions; failure to find schizophrenia to be a severe condition is consistent with the record. "The term "disability" means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A) (West). Nothing in the record reflects a diagnosis of schizophrenia. Plaintiff's self-diagnosis is insufficient to make a finding of a medically determinable impairment. Dr. Jerry Gardner performed a psychiatric review dated July 20, 2009, wherein he checked the box "Schizophrenic, Paranoid, and Other Psychotic Disorders" as a category upon which the medical disposition was based (Tr. 242), but indicated in his notes that Plaintiff was in therapy for anger management, mood stability, ADHD, anxiety, and auditory hallucinations, but that medication was keeping Plaintiff's symptoms under control. (Tr. 254) Dr. Gardner ultimately found that Plaintiff's mental impairments were not severe. (Tr. 25) Dr. Gardner made no diagnosis of schizophrenia.

### Rejection of Medical Opinions

#### Dr. Saleh

"[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin*., 682 F.3d 1157, 1163 (9th Cir. 2012)  "[I]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1470(b).  Dr. Saleh's

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

evaluation is dated July 13, 2011.  He does not specify the time period for his assessment and based on the content, it is not clear that he meant it to apply to the time period starting in October 2008 through the time of the administrative hearing.

### Richard Cantrell, ARNP Carole Siefken, and Kathleen Laws

"When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.  Also, when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). "An ALJ may reject a treating physician's opinion if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  "[O]nly acceptable medical sources can be considered treating sources, as defined in 20 CFR 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight." Titles II & XVI:II & XVI: Considering Opinions & Other Evidence from Sources Who Are Not "Acceptable Med. Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental & Nongovernmental Agencies, SSR 06-03P (S.S.A Aug. 9, 2006).

The ALJ's decision to give little weight to the opinions of Kathleen Laws and Carole Siefken is supported by substantial evidence.  The ALJ noted that neither of these providers are acceptable medical sources. Neither Ms. Laws nor ARNP Siefken appear to have had any ongoing contact with Plaintiff, rather they completed one form each regarding Plaintiff's limitations for DSHS.  There is no evidence in the record suggesting that Ms. Laws or Ms. Siefken conducted any testing or an evaluation beyond Plaintiff's

self-report. Other medical sources indicated concerns regarding the truthfulness of Plaintiff's self-reports and suggest the possibility of malingering.

### Rick Cantrell

Unlike Ms. Laws and Ms. Siefken, Mr. Cantrell met with Plaintiff on a regular basis and treated him. Though the ALJ correctly noted that Mr. Cantrell is a not acceptable medical source, the rationale for rejecting Mr. Cantrell ignored his role in treating Plaintiff and did not address the fact that he had ongoing observations and interactions with the Plaintiff. The Court is not suggesting that the ALJ's ultimate conclusions were necessarily incorrect — only that the decision was conclusory and failed to provide reasons for rejecting, or even accepting, Mr. Cantrell's opinion. It is the province of the ALJ, not the Court, to assess the medical evidence. The Court cannot affirm the ALJ's conclusions on grounds that were not invoked by the ALJ. *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991). The Court shall remand to allow the ALJ to assess and either credit or properly reject Mr. Cantrell's opinions.

### **Plaintiff's Credibility**

The ALJ must provide a specific, cogent rationale for discounting Plaintiff's subjective complaints. "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). "[T]he ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Id.* (internal citations omitted). "The ALJ may consider at least the following factors when weighing the claimant's credibility: claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (internal citation omitted)

The ALJ's determination that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms is supported by clear and convincing evidence. The ALJ provided several instances in the record that called to question Plaintiff's credibility. According to the ALJ, "Dr. Genthe reported numerous inconsistencies between the information the claimant reported to him and to another evaluator." (Tr. 23) A review of Plaintiff's statements showed several inconsistencies which would support a finding that Plaintiff's self-reporting is less than completely credible. Lastly, the ALJ noted that there was "no objective medical evidence to support the alleged severity and limited effects of claimant's mental impairments." (Tr. 24)

### Adequacy of the Hypothetical

Though the hypothetical accurately encompassed the RFC determined by the ALJ, since the Court is remanding to allow the ALJ to consider Mr. Cantrell's opinion, the hypothetical may be reconsidered and reframed on remand if necessary.

### Remand or Award Benefits

According to *Smolen,* the Court should credit improperly rejected evidence and remand for an award of benefits when: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir.1996). Though the Court does find that the ALJ did not properly reject Mr. Cantrell's opinion, crediting his opinion would not necessarily lead to a determination of disability in light of the contrary opinions in evidence. Nor does the Court necessarily endorse crediting his opinion.

### CONCLUSION

Though the ALJ's opinion is in most aspects supported by substantial evidence, remand is appropriate on the limited issue of addressing Mr. Cantrell's opinion and reformulating the RFC and hypothetical if necessary. Having reviewed the record and the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

ALJ's findings, the Court concludes the ALJ's decision is based on legal error. Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, filed January 22, 2013, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, filed March 4, 20134, **ECF No. 22**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 23rd day of January, 2014.

01-22-14

                        s/ Wm. Fremming Nielsen
                        WM. FREMMING NIELSEN
                        SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9